# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-654V
UNPUBLISHED

| | |
|---|---|
| DONA KAPLAN, as Executrix of the Estate of Harold Kaplan,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 10, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Mark Theodore Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On May 2, 2019, Harold Kaplan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Mr. Kaplan alleged that as a result of his October 2, 2017 influenza ("flu") vaccination he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 10, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 8, 2020, Respondent filed a proffer of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Dona Kaplan was substituted as Petitioner in this case on October 26, 2020, following the death of Mr. Kaplan.

compensation indicating Petitioner should be awarded $55,000.00. Respondent's Rule 4(c) Report Recommending Compensation and Proffer of Compensation at 4 ("Proffer"). In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $55,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                              <u>s/Brian H. Corcoran</u>
                              Brian H. Corcoran
                              Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.